IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

vs.                                                         Criminal No. 3:08-cr-119 HTW

LINDA McWILLIAMS HARDY

**ORDER DENYING RELEASE PENDING APPEAL**

Before this court is the motion of defendant Linda McWilliams Hardy for release pending appeal. This issue again is before this court pursuant to a remand from the United States Court of Appeals for the Fifth Circuit. In its order filed March 23, 2010, Circuit Judge W. Eugene Davis directed this court to comply with Rule 9(a), Federal Rule of Appellate Procedure, to provide reasons in writing for this court's earlier decision to deny defendant's motion for release pending appeal. The Judge's order directed that this court should submit its written findings within fifteen (15) days. On the fifteenth day, the Fifth Circuit telephoned this court to inquire as to the whereabouts of written findings. That was the first indication to this court that the March 23, 2010, order had been filed. While the order was sent to defense counsel, prosecuting attorney and to the Clerk of Court, no copy of the order was submitted to this court. Nevertheless, this court is prepared to submit the written findings requested.

On an earlier day, this court denied defendant's motion for release pending appeal. This court still is so persuaded.

Title 18 U.S.C. § 3143(b) is the illuminating statute governing this matter. The judicial officer is warranted in detaining a defendant pending appeal unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community; that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or new trial or a reduction in sentence or a sentence that does not include a term of imprisonment.

This court had to schedule two sentencing hearings for this defendant. On the first occasion, the defendant interrupted the proceedings by fainting. When the court announced that Probation would not be in the defendant's future and was about to proceed to announcing the specific sentence of imprisonment, the defendant "fainted," miraculously falling in the only direction where she would not encounter either a chair, a podium, or a railing. In fact, she sort of drifted to the spot. Even though this court, which had observed closely the entire drama, was not convinced as to the genuineness of the event, this court summoned medical personnel.

Some months later, this court resumed the sentencing hearing. Meanwhile, the defendant was expected to make provisions for her grandchildren.

A duly constituted jury convicted the defendant for having violated Title 18 U.S.C. § 152(1), knowingly and fraudulently concealing property belonging to the estate of the debtor. At the sentencing hearing, the defendant primarily argued the effect incarceration would have upon her four grandchildren. She also emphasized the drug

addicted condition of one of her daughters who is the mother of two of the children. Although she stated that she was low on finances due to her huge generosity in providing for these children and the rest of her family, her proof on that issue was seriously lacking. The Pre-Sentence Investigation Report shows that even though she possessed only a GED she had been paid a six figure salary by her employer. Records received from the defendant and the Internal Revenue Service reflect for tax years 2004 through 2007 she reported adjusted gross income of $109,234 for 2004 and $83,559 for 2005. She has no record of return for the years 2006, 2007, although her own file with Turbo Tax reflects adjusted gross income of $64,832. The Pre-Sentence Investigation Report further states that defendant and her husband's checking accounts currently have negative balances. The defendant reported she has no retirement savings account. The couple has no equity in either their mobile home or their vehicles. Defendant filed bankruptcy in 2003 and again in 2005.

As stated above, the defendant emphasizes her guardianship over four grandchildren. Nevertheless, the Pre-Sentence Investigation Report, page 8, states the following: "Hardy reported she obtained guardianship because her daughter was addicted to drugs and her daughter has now been sober for three years." The defendant lives with her fourth husband in a mobile home located on 2 acres of land located in Greenville, Mississippi.

The defendant has had large sums of money and has spent large sums of money in ways unknown to the court and not shown by defendant. Relative to the offense of conviction, the defendant received $255,000 which she failed to disclose to the Trustee of her bankruptcy estate. She spent $50,000 of that.

At trial, the defendant not guilty and claimed that she had relied upon the advice of an attorney who told her she did not have to disclose the existence of the lawsuit whereby she obtained the $255,000. The jury was convinced otherwise. A co-worker, Jo-Jo Logan at Gray Daniels Automobile Dealership testified that defendant had given him the money to deposit into his account at Priority One Bank. Logan testified that defendant had told him she was trying to hide the funds from her daughter who had a drug addiction. Logan later gave the funds to defendant after having held the funds for several days.

The jury was persuaded by proof beyond a reasonable doubt that defendant, in spite of her defense, was guilty of the charge.

This court, pursuant to the dictates of § 3143(b) is persuaded that defendant's appeal for release is for the purpose of delay, that the appeal does not raise a substantial question of law or fact likely to affect the finding of guilt or any aspect of the sentence. This court studied the leniency letters and gave ample time to the defendant and her family in attendance to argue her situation at the time of sentencing. Before denying her request for release pending appeal, this court revisited all these matters. The defendant hails from a large family (according to this court's observation of those in attendance at trial). The court inquired about the status of the children if defendant were incarcerated and was satisfied that members of the family would see to them.

This court has given the defendant ample time to make arrangements for the children. This court likewise has given defendant ample time to address a medical condition.

This court simply is not persuaded under § 3143(b) that the defendant is entitled to release pending appeal.

SO ORDERED AND ADJUDGED, this the 9th day of April, 2010.

                                              s/ HENRY T. WINGATE
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT

Criminal Action No. 3:08-cr-119 HTW